IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY JOHNSON,**
                      **Petitioner,**

            **v.**                        **CASE NO. 07-3053-RDR**

**DUKE TERRELL,**
**WARDEN, USPL,**
                      **Respondent.**

## O R D E R

This petition for writ of habeas corpus, 28 U.S.C. 2241, was filed by an inmate of the United States Penitentiary, Leavenworth, Kansas. Petitioner seeks to challenge the execution of his federal sentence, claiming he is entitled to additional credit against it for time spent confined in a federal institution awaiting trial on federal charges. It appears Mr. Johnson was in the custody of the Missouri Department of Corrections at the same time.

Petitioner also argues he is entitled to credit against his federal sentence for time spent in pretrial custody in Missouri on state charges for unlawful use of a weapon, which he alleges were "nolle prosequi (sic)" and "referred to the federal authorities for prosecution pursuant to 18 U.S.C. 922(g)(felon in possession of a firearm)." His rationale is that "the government was reviewing his case for a federal indictment." He further complains that "the Government, without any justification, delayed the federal indictment for over 1 year." He argues this delay in indicting and sentencing him on the federal charge caused him to lose the

opportunity to serve a greater portion of his "deferred state sentence concurrently" with his federal sentence.

Petitioner contends his "new calculation of his federal sentence" will entitle him to immediate release to a CCC or half-way house. He asks this court to grant him jail credits as claimed, re-calculate his federal sentence, and order the BOP to transfer him to a CCC.

The court finds petitioner has failed to exhaust administrative remedies on his claims, and concludes this action should be dismissed without prejudice as a result. Federal regulations afford prisoners administrative review of the computation of their credits. See 28 C.F.R. 542.10-542.16; U.S. v. Wilson, 503 U.S. 329, 335 (1992). While a petitioner's failure to exhaust administrative remedies is not a jurisdictional defect, and 28 U.S.C. 2241 does not contain an explicit exhaustion requirement, exhaustion is generally required in this Circuit for federal prisoners seeking relief under section 2241. See, e.g., Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986)(petitioner challenging BOP's computation of release date must exhaust BOP's administrative procedures "because the agency is in a superior position to investigate the facts"); United States v. Jenkins, 38 F.3d 1143, 1144 (10th Cir. 1994)(petitioner must seek sentence credit from BOP in first instance).

Mr. Johnson alleges that use of the grievance procedure to challenge the Bureau of Prisons' failure to grant him sentence credit would be futile. His rationale is that 18 U.S.C. 3585(b)

2

"forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence," and the BOP is bound by that law. However, his challenge also involves a factual issue in that he claims the BOP has unreasonably assumed he received credit against his Missouri sentence. The facts and arguments underlying petitioner's claim must be presented in the first instance by way of the administrative remedies available within the Bureau of Prisons.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted; and this action is dismissed, without prejudice, for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that petitioner's Motions to Appoint Counsel (Doc. 3), to Place on Expedited Calendar (Doc. 4), and for Evidentiary Hearing (Doc. 5) are denied as moot.

**DATED:** This 13th day of March, 2007, at Topeka, Kansas.

           **s/RICHARD D. ROGERS**
           **United States District Judge**